\IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAVIER HERRERA CHAVEZ            §
    REG. NO. 20991-008            §
V.                               §        C.A. NO. C-04-618
                                 §
JOE D. DRIVER, ET AL.            §

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS

On November 26, 2004, plaintiff filed this civil rights action which contains

Bivens[1] claims against individual federal officers and a Federal Tort Claims Act

("FTCA") claim against the United States.  (D.E. 1).  Defendants Joe D. Driver, Dr.

G. Roffers, and the United States move to dismiss plaintiff's claims for lack of

subject matter jurisdiction pursuant to Rule12(b)(1) of the Federal Rules of Civil

Procedure.  (D.E. 13).  Plaintiff has not filed a response to the motion to dismiss.[2]

For the reasons stated herein, it is respectfully recommended that defendants'

motion to dismiss be granted and that plaintiff's claims be dismissed with prejudice.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983
to parties injured by federal actors not liable under § 1983." Abate v. Southern Pac. Transp. Co., 993
F.2d 107, 110 n.14 (5th Cir. 1990).

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

At all times relevant to this litigation, plaintiff was incarcerated at the Federal Correctional Institution in Three Rivers, Texas.[3]  See (D.E. 1, at 1, 2, 3).

Prior to his incarceration, plaintiff was in a car accident where he injured both his hands.  (D.E. 1, at 3).  After his sentence to the Bureau of Prisons ("BOP"), plaintiff repeatedly requested to be assigned to a bottom bunk due to his hand injuries, but his requests were denied.  Id.  On February 25, 2004, plaintiff fell from his top bunk to the floor, striking his head.  Id.

Following the accident, plaintiff filed a BP-8 grievance requesting: (1) assignment to a bottom bunk; (2) a complete medical exam; and (3) $100,000.00 in monetary compensation for the medical department's deliberate indifference.[4]

---

[3] It appears that plaintiff is no longer in the custody of the Bureau of Prisons and is living in Arizona.

[4] The BOP provides a three-tiered administrative process by which inmates can present a complaint.  28 C.F.R. § 542.10 et. seq.  First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  28 C.F.R. § 542.13(a).  If this informal procedure does not resolve the issue, the inmate commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP–9 with the warden at the local level.  28 C.F.R. § 542.13(b).  The warden has twenty calender days in which to respond to the complaint.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director.  28 C.F.R.

(D.E. 1, Ex. 1).  On March 16, 2004, the BOP filed its BP-8 response noting that plaintiff had been assigned a bottom bunk on March 4, 2004.  (D.E. 1, Ex. 2).  In addition, plaintiff was provided with the forms to file an FTCA.  Id.

On March 22, 2004, plaintiff filed his BP-9 grievance complaining that, although he had been assigned to a bottom bunk, the bunk was located in a 4-man cell that was used to punish inmates.  (D.E. 1, Ex. 3).  Plaintiff requested a lower bunk assignment in a 2-man cell, plus $100,000.00 in damages.  On March 26, 2004, Warden Purdy (Warden Driver's predecessor), granted plaintiff's request for a 2-man cell, pending availability, and denied plaintiff's request for monetary damages. (D.E. 1, Ex. 4).

On April 1, 2004, plaintiff filed his BP-10 grievance complaining that he was entitled to monetary damages due to the negligence and deliberate indifference of the medical department in failing to assign him to a bottom bunk.  (D.E. 1, Ex. 5). By response dated June 1, 2004, the Regional Director denied plaintiff's BP-10 grievance finding that he was not entitled to any further relief.  In particular, the Director noted:

---

§ 542.15.  The regional director has 30 days in which to respond to the appeal.  If unsatisfied at the regional level, then the inmate has 30 days from the date of the regional director's response to submit an appeal on Form BP-11 to the general counsel.  28 C.F.R. § 542.15.  The appeal to the general counsel is the final administrative appeal provided by the BOP.

3

> Your medical record shows you arrived at FCI Three Rivers
> on June 23, 2003, from FCI Texarkana.  You did not have a
> lower bunk assignment at FCI Texarkana, and your transfer
> paperwork does not list any physical disabilities.  You have
> been diagnosed with chronic headaches, psychosis, and a
> history of an old forearm fracture sustained prior to entering
> BOP custody.  In November 2003, the Utilization Review
> Committee reviewed your request for a lower bunk and it was
> denied, as you did not meet the criteria for a lower bunk at
> that time.  In February 2004, you reported falling from the top
> bunk in your housing unit.  Your fall was not witnessed by
> staff; however, an injury assessment was completed, and you
> were provided with the appropriate medical care.  You have
> been given a lower bunk assignment due to your reports of
> headaches and dizziness.  You have not provided evidence to
> support your allegations that medical staff treated you with
> deliberate indifference, ignored your physical injuries, and
> placed your life in danger.

(D.E. 1, Ex. 6).  The Regional Director also informed plaintiff that his monetary

compensation claim could be pursued through the tort claim process.  Id.

On June 16, 2004, plaintiff filed his BP-11 grievance with the National

Inmate Appeals.  (D.E. 1, Ex. 7).  On August 9, 2004, plaintiff's BP-11 appeal was

denied.  (D.E. 1, Ex. 8).

On an unspecified date, plaintiff filed a tort claim against the United States

seeking $150,000.00 in damages.  (D.E. 1, Ex. 9).  On August 9, 2004, plaintiff's tort

claim and request for damages was denied.  (D.E. 1, Ex. 10).  Plaintiff was advised

of his right to pursue his tort claim in federal court.  Id.

4

### III.  <u>STANDARD OF REVIEW</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal of an action where there is no case or controversy presented such that the court lacks subject matter jurisdiction.  <u>Xerox Corp. v. Genmoora Corp.</u>, 888 F.2d 345, 350-51 (5th Cir. 1989).  A Rule 12(b)(1) motion may be decided on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  <u>Barrera v. Montegro v. United States</u>, 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction.  <u>Saint Paul Reinsurance Co. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998).

If the case survives a Rule 12(b)(1) facial attack, the lack of a cause of action should be dealt with under Rule 12(b)(6).  <u>Xerox</u>, 888 F.2d at 350-51.

### IV.  <u>DISCUSSION</u>

#### A.    <u>Bivens</u> Claims

Plaintiff argues that Warden Driver and Dr. Roffers, acting under color of law, violated his right to be free from cruel and unusual punishment when they denied him a lower bunk.  (D.E. 1, at 6).  Plaintiff claims he is suing these individual defendants in their individual and official capacities.  <u>Id.</u>

A plaintiff may bring an action for monetary damages against a federal official in order to seek redress for a violation of his constitutional rights. Bivens, 403 U.S. at 396-97 (victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right). A Bivens action may only be maintained against federal employees in their *individual* capacities for their intentional torts. FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994). Thus, on the face of the complaint, it is clear that plaintiff lacks standing to hold defendants liable in their official capacities. Accordingly, it is respectfully recommended that plaintiff's Bivens claims against defendants in their official capacities be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).

### 1.    *Warden Driver.*

Plaintiff seeks to hold Warden Driver individually liable for his injuries on the grounds that Warden Driver is "responsible for the administration of the prison." (D.E. 1, at 6). In other words, plaintiff seeks to hold Warden Driver liable under a theory of *respondeat superior*.

As the Fifth Circuit has established, "[P]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382

6

(5th Cir. 1983); see also Rizzo v. Goode,  423 U.S. 362, 371-72, 377 (1976)

(requiring affirmative link between injury and conduct of defendant).  A plaintiff

cannot obtain damages or injunctive relief from a policy-maker or supervisor solely

on a theory of r*espondeat superior.*  See Monell v. Dep't of Soc. Servs., 436 U.S.

658, 691-95(1978) (supervisory officials cannot be held vicariously liable under §

1983 for their subordinates' actions); Beattie v. Madison County Sch. Dist., 254

F.3d 595, 600 n. 2 (5th Cir. 2001).  Supervisory officials may be held liable only if

they affirmatively participate in acts that cause the constitutional deprivation, or if

they implement unconstitutional policies that causally result in plaintiff's injury.

Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Plaintiff cannot hold Warden Driver liable for the actions or inactions of his

subordinates, and he fails to show that Warden Driver was personally involved in

violating his rights.  In fact, at the time plaintiff filed his BP-9 grievance with

Warden Driver's predecessor, plaintiff had already been assigned to a lower bunk.

As to plaintiff's claims for damages, neither Warden Purdy nor Warden Driver had

the authority to authorize a monetary award.  Indeed, plaintiff was informed as such

and advised that he could file a tort claim.  Because he fails to state a cause of

action against Warden Driver in his individual capacity, it is respectfully

recommended that his claims against Warden Driver be dismissed pursuant to Rule

7

12(b)(6).  See Lewis v. Knutson, 699 F.2d 230, 237 (5th Cir. 1983) (if case survives facial attack, lack of cause of action is reviewed under Rule 12(b)(6)).

### 2. *Dr. Roffers.*

Plaintiff alleges that Dr. Roffers violated his eighth amendment right to be free from cruel and unusual punishment when he deliberately denied plaintiff a lower bunk.

First, plaintiff offers no evidence against Dr. Roffers.  He does not allege that he personally spoke to Dr. Roffers or that Dr. Roffers was even aware of plaintiff's requests for a lower bunk.  In fact, plaintiff complains only of "medical staff" in his petition.  As noted above, there is no supervisor liability in civil rights complaints, and Dr. Roffers cannot be held liable for the acts or omissions of his subordinates. Monell, 436 U.S. at 691-95.  It is respectfully recommended that plaintiff's claims against Dr. Roffers be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## B.    FTCA Claim.

Plaintiff seeks damages against the United States pursuant to the FTCA. Specifically, he argues that the BOP's failure to transfer him to a lower bunk was the proximate cause of his falling and, consequently, suffering injuries.

8

The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees.  See 28 U.S.C. §§ 2674 & 1346(b); FDIC v. Meyer, 510 U.S. at 475.  It authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred.  Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b); 2674).  However, the FTCA does not waive immunity as to:

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  This "discretionary function exception" insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment.  Berkovitz v. United States, 486 U.S. 531, 537 (1988).

A two-step analysis is employed in determining whether the discretionary function exception applies in a given situation.  United States v. Gaubert, 499 U.S. 315, 322 (1991).  First, the court must decide whether the challenged act or omission involved an element of judgment or choice.  Id.  The requirement of

judgment or choice is not satisfied if a federal statute, regulation, or policy specifically proscribes a course of action for an employee to follow because the employee has no option but to adhere to the directive.  Id.  Second, the court must decide whether the challenged conduct is of the kind that the discretionary function exception was designed to shield.  Id.  The purpose of the exception "is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and public policy through the medium of an action in tort."  Id.  If a government policy is expressed by statute, regulation, or agency guidelines, a government employee's discretionary actions are presumed to be grounded in that policy.  Id. at 324.

The discretionary function exception poses a jurisdictional prerequisite to filing suit, which the plaintiff must meet as part of his overall burden to establish subject matter jurisdiction.  See, e.g., OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002) ("since the government has asserted lack of subject matter jurisdiction, OSI must prove that the discretionary function exception does not apply").  For a complaint to survive a motion to dismiss, a plaintiff must allege facts that would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.  Gaubert, 499 U.S. at 324-25.  The focus of the inquiry is not on the agent's

subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.  Id.

Applying Gaubert to this case, it is apparent that the discretionary function exception applies such that immunity is not waived.  The basis of plaintiff's tort claim is that defendants were negligent in failing to assign him to a bottom bunk bed.  However, plaintiff fails to allege, let alone establish, that decisions regarding bunk assignments are not discretionary in nature.  Plaintiff points to no rule or regulation that mandates lower bunk assignment based on an inmate's representation of pre-incarceration injuries.  Moreover, it is well established that the discretionary function exception was designed to shield such discretionary functions of prison officials and employees.  See Rhodes v. Chapman, 452 U.S. 337, 339 n. 14 (1986) ("Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Defendants' actions of which plaintiff complains all involve an element of judgment or choice.  According to Carl Kerns, the Karnes Unit manager at FCI-Three Rivers, there are no regulations at either the national or institutional level

which govern the assignment of an inmate to a lower or upper bunk.  Kerns' Aff.[5]
at ¶ 6.  At FCI-Three Rivers, the practice is to assign the inmate most recently
placed in the cell to the upper bunk, so that the inmate that has been in the cell
longer can have the more desirable bottom bunk.  Id.  The exception to this general
procedure concerns inmates with lower-bunk passes, which are issued by the
Health Services Staff for medical reasons.  Id. at ¶ 5.  An inmate with a pass will
always be assigned to a lower bunk.  Id.

Prior to his February 25, 2004 fall, plaintiff never had a lower-bunk pass.
Kerns' Aff. at ¶ 6.  Thus, on the date plaintiff fell from his bunk, there was no rule
or regulation requiring that he be assigned to a lower bunk.  Id.  Under the Gaubert
analysis, plaintiff's assignment to a top bunk was discretionary, and as such,
immunity is not waived.  Accordingly, the Court lacks subject matter jurisdiction
over plaintiff's negligence claim against the United States.  See FDIC v. Irwin, 916
F.2d 1051, 1054-56 (5th Cir. 1990) (holding that comptroller's determination of
unsolvency and decision to close the bank were discretionary acts protected by
discretionary function exception).  Cooper v. United States, 897 F. Supp. 325, 328
(W.D. Tex. 1995) (postal worker's discretionary actions were grounded in policy
such that court lacked jurisdiction to consider plaintiff's FTCA claim).  It is

---

[5] Kerns' affidavit is attached to defendants' motion to dismiss as Exhibit 1.

recommended that the Court grant defendants' Rule 12(b)(1) motion and dismiss plaintiff's FTCA claim for lack of subject matter jurisdiction.

## V.  <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully recommended that defendants' motion to dismiss, (D.E. 13), be granted, and that plaintiff's claims be dismissed for lack of subject matter jurisdiction and for failure to state a claim.  Fed. R. Civ. P. 12(b)(1), (6).

Respectfully submitted this 9th day of August 2005.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

13

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).